MATHER & CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9317. Promulgated December 31, 1946.

*Frederick H. Spotts, Esq.,* and *William E. Koken, Esq.,* for the petitioner.

*Robert H. Kinderman, Esq.,* for the respondent.

OPINION.

OPPER, *Judge*: Neither respondent's attempt to deprive petitioner of a loss deduction because the property in question had already become worthless nor his contention that it should be limited by the capital loss provisions is persuasive. There was here no abandonment of the property at any time and no cluster of events prior to the tax years before us which demonstrated worthlessness as in *Alice V. Gordon*, 46 B. T. A. 1201; affd. (C. C. A., 4th Cir.), 134 Fed. (2d) 685. It took the sales to close the transactions. Cf. *Commissioner* v. *Green* (C. C. A., 3d Cir.), 126 Fed. (2d) 70. Nor can it be said that the property is to be treated as a capital asset because it was not used in the trade or business of the taxpayer. It was the vehicle of the receipt of income throughout petitioner's ownership of it, and under such circumstances it is not in conflict with respondent's regulations to conclude that it was used in the taxpayer's trade or business. *Leland Hazard*, 7 T. C. 372. The result is that petitioner was entitled to deduct as an ordinary loss the difference between what it received and its basis.

Determination of petitioner's basis for the properties in issue presents the most complex question. It turns on whether the provisions of section 113 (a) (8) require that petitioner assume the basis of its transferors because the transaction by which petitioner received the property in 1926 from the predecessor partnership was one in which gain or loss was not recognized. Section 113 (a) (8) calls for the application to the transferee of the basis of the transferor:

\* \* \* if the property was acquired after December 31, 1920, by a corporation—

(A) by the issuance of its stock or securities in connection with a transaction described in section 112 (b) (5).

Section 112 (b) (5) prohibits the recognition of gain or loss:

\* \* \* if property is transferred to a corporation by one or more persons solely in exchange for stock or securities in such corporation and immediately after the exchange such person or persons are in control of the corporation. \* \* \*

While the corresponding section of the Revenue Act of 1926 which was in effect when the transfer took place was numbered 203 (b) (4), it seems evident that the reference in 113 (a) (8) must be to the quoted section as a means of identification of the character of the transaction without reference to what section number was used to designate the corresponding provision of an earlier act. When the code refers to "section 112 (b) (5)" without other designation, we take it as implicit that the section intended is one also included in the code itself.

Petitioner concedes that the control requirement of section 203 (b) (4) of the 1926 Act[1] has been met. It denies the applicability of the section, however, because of a failure to conform to the additional requirement that "in the case of an exchange by two or more persons this paragraph shall apply only if the amount of the stock and securities received by each is substantially in proportion to his interest in the property prior to the exchange."

We have set forth in our findings, and need not reiterate here, our ultimate conclusion of fact as to the respective values of the property exchanged and the consideration received by the individual participants. Petitioner and respondent are in accord that it is to the relative values which we must look in applying the section in question. *United Carbon Co.* v. *Commissioner* (C. C. A., 4th Cir.), 90 Fed. (2d) 43; *Bodell* v. *Commissioner* (C. C. A., 1st Cir.), 154 Fed. (2d) 407. The difference between them hinges upon the application of subsection (f) (1), added by section 213 of the Revenue Act of 1939, and the retroactive amendment to the 1926 Act, which deal with assumptions of liability. We do not agree with petitioner that those sections are inapplicable on the ground that they cover only situations which would otherwise be tax-free. The transaction presently in controversy seems to us to fall squarely within the language of the provisions of section (f) (1),[2] since "the taxpayer [petitioner's transferor]

---

[1] (4) No gain or loss shall be recognized if property is transferred to a corporation by one or more persons solely in exchange for stock or securities in such corporation, and immediately after the exchange such person or persons are in control of the corporation; but in the case of an exchange by two or more persons this paragraph shall apply only if the amount of the stock and securities received by each is substantially in proportion to his interest in the property prior to the exchange.

[2] SEC. 213. [Revenue Act of 1939]. ASSUMPTION OF INDEBTEDNESS.
* * * * * * *
(f) ASSUMPTION OF LIABILITY NOT RECOGNIZED UNDER PRIOR ACTS.—
(1) Where upon an exchange occurring in a taxable year ending after December 31, 1923, and beginning before January 1, 1939, the taxpayer received as part of the consideration property which would be permitted by subsection (b) (4) or (5) of section 112 of the Revenue Act of 1938, or the corresponding provisions of the Revenue Act of 1924 or subsequent revenue Acts, to be received without the recognition of gain if it were the sole consideration, and as part of the consideration another party to the exchange assumed a liability of the taxpayer or acquired from the taxpayer property subject to a liability, such assumption or acquisition shall not be considered as "other property or money" received by the taxpayer within the meaning of subsection (c), (d), or (e) of section 112 of the Revenue Act of 1938, or the corresponding provisions of the Revenue Act of 1924 or subsequent revenue Acts, and shall not prevent the exchange from being within the provisions of subsection (b) (4) or (5) of section 112 of the Revenue Act of 1938, or the correspond-

received as part of the consideration property [stock or securities in petitioner, the transferee corporation] which would be permitted by subsection * * * [203 (b) (4) of the 1926 Act] to be received without the recognition of gain if it were the sole consideration * * *." Petitioner, the other party to the exchange, having assumed a liability of these transferors, such assumption shall not be considered as other property or money by the explicit terms of section (f) (1). Moreover, pursuant to section 213 (h), Revenue Act of 1939, amending the 1926 Act, section 203 (b) (4) now includes the following provision:

> Where the transferee assumes a liability of a transferor * * * then for the purpose only of determining whether the amount of stock or securities received by each of the transferors is in the proportion required by this paragraph, the amount of such liability (*if under section 213 of the Revenue Act of 1939 it is not considered as "other property or money"*) shall be considered as stock or securities received by such transferor. [Emphasis added.]

In compliance with what seems to us to be the clear command of the composite result of these provisions, we have included in our computation of the amount received by the transferors not only the value of the stock which they received, but also the amount of the partnership liabilities assumed by petitioner, for the purpose only, as the statute directs, of determining whether the value of the interests received by each of the transferors was substantially equivalent to their respective interests in the property prior to the exchange. As our findings show, the maximum difference in result percentage-wise of the most extreme variations is in the neighborhood of 3 per cent. The statute does not require exact identity as between the new interest and the old, but only a substantial equivalence. Larger proportionate divergences than those shown here were approved in *Ared Corporation*, 30 B. T. A. 1080, 1087, and no case to which we have been referred rejects the nonrecognition where the variance between the proportionate interests was as small as that resulting from the transaction before us. In fact, we do not understand petitioner to contend otherwise.

For the reasons stated, we can not accept the essence of its position that the liabilities assumed are not to be included in the consideration received for the purpose of computing the respective interests. Upon the disappearance of that support, petitioner's case must fail. We

ing provisions of the Revenue Act of 1924 or subsequent revenue Acts; except that if, in the determination of the tax liability of such taxpayer for the taxable year in which the exchange occurred, by a decision of the Board of Tax Appeals or of a court which became final before the ninetieth day after the date of enactment of the Revenue Act of 1939, or by a closing agreement, gain was recognized to such taxpayers by reason of such assumption or acquisition of property, then for the purposes of section 112 of the Revenue Act of 1938, and corresponding provisions of the Revenue Act of 1924 or subsequent revenue Acts, such assumption or acquisition (in the amount of the liability considered in computing the gain) shall be considered as money received by the taxpayer upon the exchange.

(2) Paragraph (1) shall be effective with respect to the Revenue Act of 1924 and subsequent revenue Acts as of the date of enactment of each such Act.

conclude that petitioner's basis is the same as that of the property in the hands of its transferor, Charles Mather.

We have found from the evidence as accurately as possible what this basis was. The proof was not entirely satisfactory, but allocation between land and improvements has been made from the record as a whole.

*Decision will be entered under Rule 50.*