Kenney Lumber Company, a Michigan corporation v. Commissioner.
Kenney Lumber Co. v. Commissioner
Docket No. 55478.
United States Tax Court
T.C. Memo 1956-265; 1956 Tax Ct. Memo LEXIS 23; 15 T.C.M. (CCH) 1395; T.C.M. (RIA) 56265; November 30, 1956
*23 Clarence A. Bradford, Esq., for the petitioner. Rutheled B. Wolter, Esq., for the respondent. WITHEY
Memorandum Findings of Fact and Opinion WITHEY, Judge: The respondent has determined deficiencies in petitioner's income tax for the taxable years ended March 31, 1951 and March 31, 1952 and in the amounts as follows: Year
Deficiency
1951
$16,447.27
1952
863.54
The sole issue presented for our determination is the correctness of the respondent's action in determining that the lumber inventory acquired by petitioner retained the same basis as it had in the hands of the partners prior to the transfer. Additional issues presented by the pleadings have been abandoned by petitioner. Findings of Fact Some of the facts have been stipulated and are found accordingly. Petitioner is a corporation organized under the laws of the State of Michigan with its principal office at 12375 Southfield Avenue, Detroit, Michigan. Petitioner's income tax returns for the taxable years ended March 31, 1951 and March 31, 1952 were filed with the collector of internal revenue for the district of Michigan. Petitioner was incorporated on April 1, 1950 as successor *24 to the Kenney Lumber Company, hereinafter referred to as the partnership, a partnership consisting of George H. Kenney, Sr., and his 3 sons, George H. Kenney, Jr., Lee F. Kenney and Jay C. Kenney. The partners on that date transferred to petitioner all the partnership assets in exchange for all of petitioner's outstanding stock. The closing balance sheet of the partnership as of March 31, 1950 listed assets in the amount of $180,412.57, liabilities in the amount of $85,300.92, and the capital accounts of the partners as follows: George H. Kenney, Sr.
$55,324.06
George H. Kenney, Jr.
13,262.53
Lee F. Kenney
13,262.53
Jay C. Kenney
13,262.53
$95,111.65 The authorized capital stock of petitioner is 250 shares of preferred stock and 1,000 shares of common stock, at a par value of $100 per share. The opening balance sheet of petitioner as of April 1, 1950 listed assets in the amount of $226,272.21, liabilities in the amount of $85,300.92, and capital stock and surplus as follows: Capital Stock: Preferred: George H. Kenney, Sr.
$ 20,000.00
Common: George H. Kenney, Sr.
52,000.00
George H. Kenney, Jr.
16,000.00
Lee F. Kenney
16,000.00
Jay C. Kenney
16,000.00
Total Capital Stock
$120,000.00
Paid in Capital Surplus
20,971.29
*25 The fair market value of the assets transferred to petitioner on April 1, 1950 was $226,272.21. The difference between that amount and the book value of the assets in the amount of $180,412.57 represents appreciation in the value of the buildings and lumber inventory. The partnership inventory of lumber was carried on the partnership books at $58,959.61. Upon transfer of the inventory to petitioner it was entered on petitioner's books at a value of $88,674.82. The proportion and value of the interest of each partner in the partnership assets at the time of the transfer was as follows: Percentage
Interest in
Share of
Partnership
Partnership
Assets
Name
Owned
Transferred
George H. Kenney, Sr.
58.168
$131,616.87
George H. Kenney, Jr.
13.944
31,551.78
Lee F. Kenney
13.944
31,551.78
Jay C. Kenney
13.944
31,551.78
Total
100.000
$226,272.21
The petitioner assumed all of the partnership liabilities as of March 31, 1950 totaling $85,300.92. None of the partners reported any income from the transfer of partnership assets and liabilities to the corporation. No sales contract, bill of sale, memorandum or other written evidence of sale was *26 executed. The original stockholders of petitioner and the amount of stock issued to each upon incorporation was as follows: Common
Preferred
Name
Stock
Stock
George H. Kenney, Sr.
520
200
George H. Kenney, Jr.
160
Lee F. Kenney
160
Jay C. Kenney
160
Total
1,000
200
The percentage of all the outstanding stock held by each stockholder was as follows: Name
Percentage Held
George H. Kenney, Sr.
60
George H. Kenney, Jr.
13 1/3
Lee F. Kenney
13 1/3
Jay C. Kenney
13 1/3
The sole consideration received by the partners for the assets transferred to petitioner was its common and preferred stock. Only the common stock could be voted. Immediately after the exchange of the partnership assets for petitioner's stock, the transferors were in control of petitioner. The petitioner continued without interruption the business of selling lumber. George H. Kenney, Jr., received a salary and drawing account from petitioner as compensation. On April 21, 1950, George H. Kenney, Sr., transferred 10 shares of common stock to Edward J. Howden in payment of an unpaid bonus which the partnership owed Howden. The proportionate interests of the *27 transferors in the assets of petitioner after the exchange were as follows: Interest in
Preferred
Common
Indebtedness
Paid-in
Assets of
Percentage
Name
Stock
Stock
Assumed [1]
Surplus [2]
Petitioner [3]
of Total
George H. Kenney, Sr.
$20,000
$ 52,000
$49,617.40
$10,905.07
$132,522.47
58.567
George H. Kenney, Jr.
16,000
11,894.51
3,355.41
31,249.92
13.811
Lee F. Kenney
16,000
11,894.51
3,355.41
31,249.92
13.811
Jay C. Kenney
16,000
11,894.50
3,355.40
31,249.90
13.811
Total
$20,000
$100,000
$85,300.92
$20,971.29
$226,272.21
100.000
The following tabulation is a comparison of the proportionate interests of the transferors in the transferred assets before and after the exchange: Percentage
Share of
Corporate
Percent-
Assets
age Share
(Including
of Partner-
Assumed
ship Assets
Liabilities
Resulting
Name
Owned
Owned)
Change
George H. Kenney, Sr.
58.168
58.567
+0.399
George H. Kenney, Jr.
13.944
13.811
-0.133
Lee F. Kenney
13.944
13.811
-0.133
Jay C. Kenney
13.944
13.811
-0.133
100.000
100.000
0
*28 The difference between the greatest proportionate gain resulting from the exchange and the greatest proportionate loss is.532 per cent. Opinion The respondent has determined that no gain resulting from the exchange of assets for petitioner's stock is recognized to the transferors pursuant to section 112(b)(5) [1] of the Internal Revenue Code of 1939, and that the basis to the transferee corporation of the partnership assets acquired by it is the same as the basis in the hands of the transferors prior to the exchange under section 113(a)(8) [2] of the 1939 Code. Petitioner takes the position that the gain realized on the transaction by the former partners should be recognized and therefore that petitioner is entitled to use as its basis the fair market value of the assets at the time of the transfer. *29 Petitioner contends that George H. Kenney, Jr., received a salary and drawing account from petitioner, in addition to stock, as part of the consideration for the transferred assets and, therefore, that the transfer was not solely in exchange for stock or securities within the meaning of section 112(b)(5) of the Code. However, there is nothing in the record herein to show that the drawing account and salary received by George H. Kenney, Jr., were paid as part consideration for his interest in the assets transferred to petitioner. The testimony of George H. Kenney, Jr., indicates that the amounts received from petitioner by way of salary and the amounts withdrawn from his account simply represent compensation for services rendered petitioner after its incorporation We find no evidence that the transfer of assets to petitioner was other than an exchange of assets for stock. Petitioner next contends that the transfer of the lumber inventory to petitioner in effect was a sale, rather than an exchange within the scope of section 112(b)(5) of the Code. George H. Kenney, Jr., testified that it was his intention to sell his interest in the lumber inventory to petitioner. However, no additional *30 evidence of a sale appears from the record. If petitioner's contention is correct, the partners would have realized a recognized gain on the sale in an amount equal to the difference between the book value of the lumber to the partnership and its fair market value at the time of acquisition by petitioner, or a profit of $29,715.21. None of the partners reported any income resulting from the transaction and George H. Kenney, Jr., testified that no profit was realized by the partners from the transfer of the lumber to petitioner. The sole consideration received by the transferors was the stock of petitioner. No sales contract, bill of sale, memorandum or other written evidence of sale was executed. So far as herein appears, the lumber was transferred to petitioner at the same time and in the same manner as the remaining partnership assets. Accordingly, we are unable to find from the record that the transfer of lumber by the partners to petitioner was a transaction in the nature of a sale. The aforementioned transfer of lumber to petitioner appears clearly to have been a part of the exchange of the entire partnership assets for stock. Petitioner further contends that the stock received *31 by the transferors was not substantially in proportion to their interests in the partnership assets prior to the exchange. In support of its argument on this point, petitioner points out that 10 shares of common stock were given to E. J. Howden in payment of a bonus due him from the partnership. Since E. J. Howden was not a transferor of assets to petitioner, and since the common stock he received was acquired from George H. Kenney, Sr., subsequent to the original issuance of stock to the partners, the amount of stock held by Howden can not be taken into account in determining the substantial equivalence of the respective interests of the transferors after the exchange. Further petitioner calls to our attention the fact that George H. Kenney, Sr., received common stock valued at $52,000 and preferred stock valued at $20,000 in exchange for his $55,000 investment in the partnership, and the fact that George H. Kenney, Jr., Lee F. Kenney and Jay C. Kenney received stock in excess of the value of their interests in the assets of the partnership. With respect to the determination whether the stock received by each transferor is substantially in proportion to his interest in the assets *32 prior to the transfer, section 112(b)(5) of the 1939 Code provides in part as follows: "Where the transferee assumes a liability of a transferor, or where the property of a transferor is transferred subject to a liability, then for the purpose only of determining whether the amount of stock or securities received by each of the transferors is in the proportion required by this paragraph, the amount of such liability * * * shall be considered as stock or securities received by such transferor." Accordingly, we have included in our computation of the consideration received by the transferors the amount of the partnership liabilities assumed by petitioner in addition to the value of the stock received by the partners in exchange for the assets, for the purpose of determining whether the value of the interests received by each partner is substantially equivalent to his interest in the property prior to the exchange. Mather & Co., 7 T.C. 1440, affd. 171 Fed. (2d) 864. We have set forth in our findings a tabulation disclosing the respective values of the property transferred and the consideration received by the individual partners, computed as indicated above. *33 The foregoing computation takes into account the increase in the relative interest of George H. Kenney, Sr., as well as the increase in the interests of each of the 3 remaining transferors, which petitioner insists were disproportionate. The exchange resulted in a slight variance in the proportionate interests of the partners in the property transferred. Treating as stock the partnership debts assumed by the petitioner, the change in George H. Kenney, Sr.'s interest is.39 per cent, and the change in the interests of each of his 3 sons is.13 per cent. The maximum difference between the most extreme variations is approximately.5 per cent. We are aware of no decision in which proportionate divergences so slight as the resulting variations in interest here in question have been held to be sufficiently great to render the stock or securities received by each transferor substantially disproportionate to his interest in the property prior to the exchange. Greater resulting differences than those in issue have been held to create in each transferor an interest substantially in proportion to his interest in the assets prior to the exchange. Cf. Ared Corporation, 30 B.T.A. 1080; *34 F. L. G. Straubel, 29 B.T.A. 516; Samuel J. Rissman, 6 T.C. 1105; and Mather & Co., supra.Consequently, it is apparent that the interest of each partner in the stock of petitioner was substantially in proportion to the value of his interest in the partnership assets prior to the exchange. In view of the foregoing, we hold that the gain resulting from the transfer of partnership assets to petitioner should not be recognized to the transferors, pursuant to the provisions of section 112(b)(5) of the 1939 Code. Accordingly, under section 113(a)(8) of the Code, the basis of the lumber inventory acquired in the exchange by petitioner is the same as it would be in the hands of the partners prior to the exchange. Decision will be entered under Rule 50. Footnotes
1. Partnership ownership percentages applied to total partnership indebtedness assumed. (58.168% X $85,300.92 = $49,617.40) (13.944% X $85,300.92 = $11,894.51) ↩
2. Distributed according to common stock ownership. (52% X $20,971.29 = $10,905.07) (16% X $20,971.29 = $ 3,355.41) ↩
3. Sum of preceding four columns.↩
1. SEC. 112. RECOGNITION OF GAIN OR LOSS. * * *
(b) Exchanges Solely in Kind. - * * *
(5) Transfer to corporation controlled by transferor. - No gain or loss shall be recognized if property is transferred to a corporation by one or more persons solely in exchange for stock or securities in such corporation, and immediately after the exchange such person or persons are in control of the corporation; but in the case of an exchange by two or more persons this paragraph shall apply only if the amount of the stock and securities received by each is substantially in proportion to his interest in the property prior to the exchange. Where the transferee assumes a liability of a transferor, or where the property of a transferor is transferred subject to a liability, then for the purpose only of determining whether the amount of stock or securities received by each of the transferors is in the proportion required by this paragraph, the amount of such liability (if under subsection (k) it is not to be considered as "other property or money") shall be considered as stock or securities received by such transferor. ↩
2. SEC. 113. ADJUSTED BASIS FOR DETERMINING GAIN OR LOSS. (a) Basis (Unadjusted) of Property. - The basis of property shall be the cost of such property; * * *
(8) Property acquired by issuance of stock or as paid-in surplus. - If the property was acquired after December 31, 1920, by a corporation - (A) by the issuance of its stock or securities in connection with a transaction described in section 112(b)(5) (including, also, cases where part of the consideration for the transfer of such property to the corporation was property or money, in addition to such stock or securities), or (B) as paid-in surplus or as a contribution to capital, then the basis shall be the same as it would be in the hands of the transferor, increased in the amount of gain or decreased in the amount of loss recognized to the transferor upon such transfer under the law applicable to the year in which the transfer was made.↩